### HARRY PUCILLO'S CASE.

Suffolk. , February 1, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Proximate cause. *Proximate Cause.*

Evidence, in proceedings under the workmen's compensation act, although controverted and, in part, contradicted, warranted findings by the Industrial Accident Board that there was a causal relation between an injury, which the employee had suffered and for which he had been paid compensation for several weeks until it was discontinued by agreement, and total incapacity on his part commencing about two years later; and a decree awarding compensation accordingly was proper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by a single member of the board, which were affirmed and adopted by the board in review, are stated in the opinion. In the Superior Court, a decree in accordance with the board's decision was entered by order of *Lummus*, J. The insurer appealed.

*R. Gallagher*, (*S. Abrams* with him,) for the insurer.

*D. B. Beard*, (*J. Rogers* with him,) for the claimant.

WAIT, J. The employee received physical injury from falling through a stairway while engaged in work for the insured on August 23, 1928. Compensation was paid until September 12, 1928, when an agreement for discontinuance was signed. Two claims for compensation were filed June 18, 1930, one for double compensation. The employee underwent an operation for empyema in May, 1930. The material question was whether causal relation existed between the injury of August, 1928, and the condition of the employee subsequent to September 13, 1928. The single member found that there was no serious or wilful misconduct of the employer or any one exercising superintendence, and that a causal connection did exist between the August injury and a subsequent total incapacity. On review, the Industrial Accident Board affirmed the findings of the single member. Double compensation was denied; but a decree was entered in the Superior Court that Harry Pucillo received personal injury arising out of and in the course of his employment, that he has been totally incapacitated from work since May 15, 1930, and that compensation in a stated amount is due. Costs were awarded to him in payment for services of an attorney under G. L. c. 152, § 10, as amended by St. 1930, c. 208. The insurer appeals.

There is no occasion for restatement of the applicable law. In our opinion there was evidence which supports the findings of fact. Although controverted and, in part, contradicted, testimony was introduced that pain attributable to the fall on August 23, 1928, continued from that time until the complete incapacity took place; that the empyema which induced incapacity could have followed upon the injury not merely as a possible but as an actual

result; that, in expert opinion, a causal relation did exist. We cannot say as matter of law that the findings were plainly wrong; or that evidence by which the plaintiff is bound required different findings, or left the causal connection mere matter of speculation. It is not necessary to review the evidence here in detail. We have examined it with care. Error does not appear.

*Decree affirmed.*